**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| FUTURE WORLD ELECTRONICS, L.L.C. | * | |
|     *Plaintiff* | * | Civil Action No.: |
| | * | |
| | * | Judge: |
|     v. | * | |
| | * | Magistrate: |
| HAUSER PRINTING COMPANY, INC. d/b/a | * | |
| GARRITY PRINT SOLUTIONS | * | |
|     *Defendant* | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

NOW INTO COURT comes Plaintiff, Future World Electronics, L.L.C., (hereinafter "Future World"), by and through undersigned counsel, who files this Complaint for Injunctive Relief and Damages seeking to enjoin the Defendant from infringing Future World's registered trademark and goodwill, and other proprietary rights, as set forth in more detail as follows:

**NATURE OF THE CASE**

1. This is an action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and injury to business reputation and trademark dilution under LA. REV. STAT. §51:223.1.

1

## THE PARTIES

2. Plaintiff Future World Electronics, L.L.C. ("Future World") is a limited liability company organized under the laws of the State of Louisiana and having a principal place of business at 145 Robert E. Lee Boulevard, Suite 210, New Orleans, Louisiana 70124.

3. Upon information and belief, Defendant Hauser Printing Company, L.L.C. d/b/a Garrity Print Solutions a Harvey Company ("Garrity") is a limited liability company organized under the laws of the State of Louisiana with its principal place of business at 109 Research Drive, Harahan, Louisiana.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1338(a)-(b), and 1367(a).

5. This Court has personal jurisdiction over the parties, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).  More specifically, but without limiting the generality of the foregoing, this Court has personal jurisdiction over Garrity because Louisiana is the principal place of business of Garrity and because Garrity engaged in the accused infringing business activities in Louisiana.

## PLAINTIFF AND ITS RIGHTS

6. Future World operates as part of the automotive direct mail industry.  In brief summary, the automotive direct mail industry involves the printing and delivery of advertising materials delivered by mail directly to consumers.  The purpose of a direct mail campaign is to attract a large number of potential car buyers to an automotive dealership.  Moreover, direct mail campaigns are measured by their ability to entice more consumers to visit an automotive dealership.  Once branded direct mail advertising materials acquire a reputation for attracting

2

consumers to automotive dealerships, purchasers of direct mail advertising goods and services request such materials by brand name.  Alternatively, if branded direct mail advertising materials lose that reputation, sales will stop.

7. Future World designs branded promotional game cards and other promotional game materials for use as direct mail advertising pieces and licenses its brands and designs to others for sale, printing, and distribution, including advertising pieces which bear Future World's highly distinctive MONEY CARLO trademark, service mark, brand name and design (the "Money Carlo Marks", as associated with "promotional game cards and other promotional game materials" (the "Money Carol Games"), are the "Money Carlo Trademarks").  Future World licenses others to use, produce, and distribute the Money Carlo Trademarks.  An exemplary illustration of one such branded game is attached as Exhibit A.

8. As a result of the use by Future World and its licensees of the Money Carlo Trademarks, purchasers of direct mail advertising services have come to associate the Money Carlo Marks with promotional game cards such as pull-tab games, and other direct mail advertising materials, and associated advertising, promotional, and other services provided by Future World (directly or through its licensees).

9. Future World is the senior user of the Future World Trademarks (as defined below).

10. Future World has acquired broad common-law rights in the Future World Trademarks (again, as defined below).

11. On July 28, 2015, the MONEY CARLO standard character mark in association with "promotional game cards and promotional game materials" was duly registered on the Principal Register of the United States Patent and Trademark Office (the "Money Carlo Game

3

Card Trademark Registration"). *See* U.S. Reg. No. 4,783,288 (a true and correct copy is attached hereto as Exhibit B).

12. The Money Carlo Game Card Trademark Registration constitutes *prima facie* evidence of the validity of MONEY CARLO as a trademark for "promotional game cards and promotional game materials", of Future World's ownership of MONEY CARLO as a trademark for "promotional game cards and promotional game materials", and of Future World's exclusive right to use MONEY CARLO as a trademark for "promotional game cards and promotional game materials" in commerce. *See* 15 U.S.C. § 1115(a).

13. On January 27, 2015, the United States Patent and Trademark Office issued a Notice of Allowance for the MONEY CARLO standard character mark in association with "marketing services, advertising services," and other services (the "Money Carlo Services Mark Application"; and, all rights associated with the Money Carlo Trademarks, the Money Carlo Game Card Trademark Registration, and the Money Carlo Services Mark Application collectively referred to as the "Future World Trademarks").

14. On August 19, 2016, the United States Patent and Trademark Office issued a Notice of Acceptance of Statement of Use, indicating that the Money Carlo Services Mark Application had passed through examination and a registration will issue in due course. *See* U.S. Tm. Ser. No. 86/332,797 (true and correct copies of the Notice of Allowance and the Notice of Acceptance of Statement of Use are attached hereto as Exhibits C and D).

## THE UNLAWFUL ACTS

15. On information and belief, Garrity produced and distributed numerous copies of a direct mail advertising piece containing a pull-tab game bearing the identical term MONEY

CARLO (the "Infringing Piece"). A copy of one such direct mail advertising piece is attached hereto as Exhibit E.

16. The Infringing Piece is a counterfeit, as it uses the identical mark, MONEY CARLO, on the identical goods, "promotional game cards and promotional game materials."

17. On information and belief, Garrity printed and distributed many thousands of copies of the Infringing Piece to potential car buyers living in or around Vienna, Virginia on or about May 19, 2016 in order to promote a sale at Koons Automotive of Tysons Corner in Vienna, Virginia ("Koons").

18. On information and belief, prior to printing and distribution for Koons, Garrity was aware of, and had knowledge of, the Money Carlo Games associated with the Future World Trademarks.

19. Future World bases this information and belief on at least a written statement confirming such made by Mr. Kevin Alker, Vice President and Director of Garrity.

20. On information and belief, despite said knowledge of the Money Carlo Games associated with the Future World Trademarks, Garrity printed and caused the delivery of many thousands of copies of the Infringing Piece.

21. On information and belief, Garrity's acts have been with the knowledge that such imitation was intended to be used to cause confusion, or to cause mistake, or to deceive.

22. On information and belief, at all relevant times, Garrity was aware of, and had knowledge of, the Future World Trademarks and Future World's rights to same, and yet willfully and intentionally copied and counterfeited the Future World Trademarks for use on its own game pieces.

**COUNT ONE:**

**TRADEMARK INFRINGEMENT**

23. Future World realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant used in commerce, without Future World's consent, marks and terms that so resemble the Future World Trademarks that they are likely to cause confusion with respect to the source and origin of Defendant's products and services and are likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Future World with Defendant and/or the marketing or sale of Defendant's products or services.

25. Defendant's acts constitute trademark infringement and false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a) and the common law.

26. As a direct and proximate result of Defendant's wrongful acts, Future World has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.

27. Defendant will continue, unless restrained, to use marks confusingly similar to the Future World Trademarks and will cause irreparable damage to Future World.  Future World has no adequate remedy at law.  Future World is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of trademark infringement.  Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from its unlawful conduct.

28. Future World is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Future World is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant

realized by reason of Defendant's acts of trademark infringement. In the alternative, Future World is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1117(c).

29. Because of the willful nature of Defendant's wrongful acts, Future World is entitled to an award of enhanced damages under 15 U.S.C. § 1117(b).

30. This is an exceptional case given Defendant's blatant infringement and Future World is entitled to attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT TWO:

## TRADEMARK DILUTION UNDER STATE LAW

31. Future World realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 30 above as if fully set forth herein.

32. The foregoing actions of the Defendant constitutes trademark dilution and injury to business reputation in violation of LA. REV. STAT. §51:223.1; and, as a result, Future World has been harmed.

33. Unless the Defendant is restrained by this Court, Future World will continue to suffer serious, irreparable injury, including a permanent loss of the goodwill associated with the Future World Marks.

## PRAYER FOR RELIEF

WHEREFORE, Future World prays for judgment that:

A. Defendant and its respective officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from engaging in further acts of trademark infringement, false designation of origin, unfair competition, and dilution.

B.     Seizure of all counterfeit goods, the means of making such counterfeit goods, and records documenting the manufacture, sale or receipt of things involved in such violation, pursuant to 15 U.S.C. § 1116(d)(1).

C.     Defendant be ordered to pay Future World enhanced damages.

D.     Defendant be ordered to account for and disgorge all profits directly or indirectly arising out of its unlawful acts, or in the alternative, that Defendant be ordered to pay statutory damages pursuant to 15 U.S.C. § 1117(c).

E.     Defendant be ordered to pay Future World prejudgment and post-judgment interest on all sums awarded.

F.     Defendant be ordered to pay Future World's attorneys' fees.

G.     Future World be awarded such other and further relief as this Court may deem just and proper, except that Future World is not seeking Future World's damages under 15 U.S.C § 1117(a)(2).

Respectfully submitted,

  /s/J. Matthew Miller III
**IAN C. BARRAS** (Bar No. 30854) T.A.
**RAYMOND G. AREAUX** (Bar No. 16792)
**J. MATTHEW MILLER III** (Bar. No. 32594)
**THEODORE S. OWERS III** (Bar. No. 27028)
*Carver, Darden, Koretzky, Tessier,*
  *Finn, Blossman & Areaux, LLC*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
E-Mail:    barras@carverdarden.com
Telephone:    504.585.3890
Facsimile:    504.585.3801
*Attorneys for Plaintiff*

*4852-0137-7335, v. 3*